UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

TIWONA JOSEPH,

                               Plaintiff,

                       -against-

Detective SAMUEL LALLAVE, Shield No. 3824; Sergeant ROBERT MALONEY, Shield No. 05057; Detective EDWIN SINCLAIR, Shield No. 05116; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                               Defendants.
------------------------------------------------------------------ X

**FIRST AMENDED COMPLAINT**

13 CV 7051 (KAM) (RLM)

Jury Trial Demanded

Plaintiff, by her attorneys, Harvis Wright & Fett LLP, alleges the following, upon information and belief, as her Complaint:

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Tiwona Joseph ("plaintiff" or "Ms. Joseph") is a resident of Kings County in the City and State of New York. Ms. Joseph suffered a spinal cord injury in or about 2007 and had, before the date of this incident, a spinal cord stimulator implanted in her body. Other than the incident complained of herein, plaintiff has not been arrested.

7. Defendant Detective Samuel Lallave, Shield No. 3824 ("Lallave"), at all times relevant herein, was an officer, employee and agent of the New York City Police Department. He is liable for directly participating in the acts described herein. Defendant Lallave is sued in his individual and official capacities.

8. Defendant Sergeant Robert Maloney, Shield No. 05057 ("Maloney"), at all times relevant herein, was an officer, employee and agent of the New York City Police Department. He is liable for directly participating in the acts described herein. Defendant Maloney is sued in his individual and official capacities.

-2-

9. Defendant Detective Edwin Sinclair, Shield No. 05116 ("Sinclair"), at all times relevant herein, was an officer, employee and agent of the New York City Police Department. He is liable for directly participating in the acts described herein. Defendant Sinclair is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers or detectives employed by the NYPD. Plaintiff does not know the real name and shield number of defendants John and Jane Doe 1 through 10. Defendants John and Jane Doe 1 through 10 are liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of their fellow officers.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendant John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## **STATEMENT OF FACTS**

13. On April 9, 2013 at or around 2:00 p.m., Ms. Joseph was returning to her home when she was unlawfully detained, searched, arrested and thereafter prosecuted on the false charge of possession of crack cocaine.

14. At that time, defendants approached Ms. Joseph and stopped her without probable cause or reasonable suspicion to believe any crime or offense had been committed.

15. A defendant, believed to be Lallave, without Ms. Joseph's consent and despite her protest, intrusively searched her, including feeling her breasts and groin. No unlawful contraband was discovered.

16. The plaintiff was nonetheless arrested by the individual defendants, handcuffed and placed in a police van.

17. Ms. Joseph told the defendants that she had a spinal cord stimulator in her body and, so as not to damage the device, asked that she be cuffed in the front of her body, not with her hands behind her back. They did not. She then asked the defendants to place her in a seat belt restraint so as not to damage the device or injure her. They did not.

18. For the next two or more hours, defendants, without concern for Ms. Joseph, drove around as they attempted to and did make additional arrests. During

this time, the spinal cord stimulator, which managed the pain associated with plaintiff's injury, was damaged. Ms. Joseph was in intense pain.

19. Defendants at last arrived at the 77th Precinct Stationhouse where plaintiff remained jailed for approximately four and one-half hours.

20. At the Stationhouse, the individual defendants prepared or allowed to be prepared false police reports accusing Ms. Joseph of violating Penal Law §220.03 (Criminal Possession of a Controlled Substance in the Seventh Degree), a misdemeanor punishable by up to a year in jail.

21. At no point did the individual defendants observe plaintiff with crack cocaine, nor did Ms. Joseph have crack cocaine.

22. Ms. Joseph was given a Desk Appearance Ticket ordering her, under threat of issuance of an arrest warrant and of arrest, to appear in Criminal Court on June 11, 2013.

23. Defendant Lallave thereafter made, and the other individual defendant allowed Lallave to make, false statements to the Kings County District Attorney's Office.

24. The misrepresentations caused plaintiff to be prosecuted on the false charge of possession of crack cocaine.

25. Ms. Joseph appeared in Criminal Court to defend against the false charge.

26. On July 29, 2013, the case was Adjourned in Contemplation of Dismissal and will be dismissed and sealed.

27. The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful stop, frisk, and arrest and jailing of Ms. Joseph.

28. The individual defendants' acts and omissions caused Ms. Joseph to suffer loss of liberty, mental and emotional upset and trauma, fear, humiliation, and deprivation of her constitutional rights, among other injuries.

29. The individual defendants' acts and omissions caused Ms. Joseph to suffer great physical pain and necessitated additional surgical intervention to replace the damaged spinal cord stimulator.

30. The individual defendants, at all times relevant, and in stopping, searching, arresting, and imprisoning the plaintiff, and in offering false evidence to the District Attorney and Criminal Court Judges, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

## FIRST CLAIM
## Unlawful Stop and Search

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

33. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages herein before alleged.

## SECOND CLAIM
## False Arrest and Imprisonment

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Defendants violated the Fourth and Fourteenth Amendments because they arrested and imprisoned plaintiff without probable cause. The conditions under which Ms. Joseph was seized were unreasonable under the circumstances.

36. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## THIRD CLAIM
### Denial Of Constitutional Right To Fair Trial

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. The individual defendants created false evidence against plaintiff.

39. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

40. In creating false evidence against Ms. Joseph, and in forwarding false information to prosecutors and judges, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

41. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## FOURTH CLAIM
### Deliberate Indifference to Medical Needs

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. The individual defendants were aware of a risk to plaintiff's need for medical care and failed to act in deliberate indifference to plaintiff's needs.

44. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs.

45. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. The defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

48. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

49. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   May 15, 2014
         New York, New York

> HARVIS WRIGHT & FETT LLP
> *Attorneys for plaintiff*
> 305 Broadway, 14th Floor
> New York, New York 10007
> (212) 323-6880
> bfett@hwandf.com
>
> _____
> By: Baree N. Fett