

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Ben Kuruvilla
*Special Federal Litigation*
(212) 356-3513
(212) 788-9776 (fax)
bkuruvil@law.nyc.gov

September 18, 2014

**Via ECF**
Hon. Roanne L. Mann
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    Tiwona Joseph v. Detective Samuel Lallave, et al.,
                13-cv-7051 (KAM)(RLM)

Dear Judge Mann:

       I represent the defendants in this matter. Pursuant to the Court's September 12, 2104 Order, please find enclosed a confidentiality stipulation and protective order relating to defendants' production of police officer photographs to plaintiff. The Stipulation also relates to production of officer disciplinary files and plaintiff's medical records in this case. The Stipulation is being submitted jointly by the parties for the Court's endorsement.

       I thank the Court for its time and attention to this matter.

                                        Respectfully submitted,

                                        /s/ Ben Kuruvilla

                                        Ben Kuruvilla

Enclosure

cc:    Baree N. Fett, Esq. (ECF)
        *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------

TIWONA JOSEPH,

                              Plaintiff,

                -against-

DETECTIVE SAMUEL LALLAVE, DETECTIVE
EDWIN SINCLAIR and SERGEANT ROBERT
MALONEY,

                              Defendants.

**STIPULATION AND PROTECTIVE ORDER**

13 CV 7051 (KAM) (RLM)

----------------------------------------------------------------

**WHEREAS**, the parties in this action will be required to produce certain documents and information that they may deem to be confidential or otherwise inappropriate for public disclosure; and

**WHEREAS**, the parties seek to ensure that the confidentiality of these documents and information remains protected; and

**WHEREAS**, good cause therefore exists for the entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**THE COURT HEREBY ORDERS THAT**:

1. As used herein "Action" shall mean *Tiwona Joseph v. City of New York, et al.*, 13 CV 7051 (KAM) (RLM).

2. As used herein, "Confidential Materials" shall mean any photographs of any police officer of the New York City Police Department ("NYPD"), any performance evaluations and disciplinary records of any NYPD officers, plaintiff's medical records and other documents that may, during the pendency of this litigation, be designated "Confidential Material" by plaintiff, defendants or the Court, except that such documents and information shall not be

deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by the parties through subpoena or FOIL requests, or (b) are otherwise publicly available.

3. As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party who is not the "Producing Party," as defined herein for that document or information.

4. A Receiving Party and that party's attorney shall not use Confidential Materials produced in discovery in the Action for any purpose other that the evaluation, preparation, presentation, or settlement of claims or defenses in the Action.

5. A Receiving Party and that party's attorney shall not make copies, electronic or otherwise, of, or upload, scan or computerize in any fashion, the Confidential Materials.

6. Attorneys for a Receiving Party shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

   a. Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the action.

   b. Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

   c. Defendants' attorneys may also disclose the Confidential Materials to the New York City Police Department, the New York City Comptroller's Office, and the New York City Mayor's Office, solely in connection with the defense or settlement of this action.

   d. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), the Receiving Party's attorney shall provide each such person with a copy of this Protective Order, and such person shall consent, in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any

- 2 -

    purpose other than in connection with the prosecution, defense or settlement of the action and not to make further disclosure of the Confidential Materials, except in testimony taken in the action. The attorneys for a Receiving Party making such disclosure shall retain the signed consent and furnish a copy to the Producing Party's attorney upon request at a deposition or immediately before trial, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

  e. Disclosure of medical records deemed "Confidential" under this Protective Order may also be made to any individual who provided the treatment described in the records or to a member of the staff of the hospital, doctor's office, or medical provider where the treatment was rendered.

  7. The Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the report will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that party's counsel.

  8. If a Receiving Party objects to the designation of any Confidential Materials as confidential, he or she shall state such objection in writing to counsel for the Producing Party, and counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party shall, within 45 days of the initial objection, request the Court to remove the designation. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

9. Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicated whether any other party objects to that request. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

10. Nothing in this Stipulation of Confidentiality and Protective Order shall be construed to limit a Producing Party's use of its own Confidential Materials in any manner, or to limit the use of Confidential Materials or their contents to the extent that they are publicly available or have been provided to a party through other lawful means, such as a FOIL request.

11. This Stipulation of Confidentiality and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this Stipulation of Confidentiality and Protective Order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the action has been resolved, including all appeals, the Confidential Materials shall be returned to the Producing Party within 30 days of resolution.

12. Plaintiff's counsel shall keep confidential for "attorney's-eyes-only" the address, telephone number, social security number, date of birth, and other personal information regarding witnesses identified by production of documents or otherwise identified in the course of this litigation. Such information shall be used only by the attorney or his law firm or agents for the purpose of communication with witnesses or the service of subpoenas, and shall

not be disclosed to plaintiff, his family members, or other persons, and such information shall not be included in documents publicly filed with the Court.

13. The parties further understand that the photographs of NYPD officers described in paragraph 2 above will be provided to plaintiff's counsel pursuant to the Court's Order, dated September 12, 2014, and are being provided solely for identification purposes by plaintiff. Within fourteen (14) days of receipt of the photos of the NYPD officers, plaintiff's counsel will show them to plaintiff for identification and return them to defendants' counsel. No copies of the photographs of the NYPD officers are to be made by plaintiff or plaintiff's counsel or otherwise retained in plaintiff or plaintiff's counsel's files.

13. This Order shall be binding upon execution by the signatories.

Dated: New York, New York
September 18, 2014

HARVIS, WRIGHT & FETT
*Attorneys for Plaintiff*

By: _____
GABRIEL HARVIS, ESQ.
305 Broadway
14th Floor
New York, New York 10007
New York, New York 10017

Zachary W. Carter
Corporation Counsel of
   The City of New York
*Attorney for Defendant*

By: _____
BEN KURUVILLA
Senior Counsel
Special Federal Litigation Division
100 Church St. Room 3-126
New York, New York 10007

SO ORDERED:

_____
HONORABLE ROANNE L. MANN
United States Magistrate Judge

## EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the Stipulation of Confidentiality and Protective Order issued in the action entitled <u>Tiwona Joseph v. Detective Samuel Lallave, et al.</u>, 13 CV 7051 (KAM) (RLM), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than as permitted by the Stipulation of Confidentiality and Protective Order, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____                          _____
Date                                                                                  Signature

                                                                                        _____
                                                                                        Print Name